UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STRIKE 3 HOLDINGS, LLC, | Case No.: 18-cv-0234-GPC-AGS |
|---|---|
| Plaintiff, | **ORDER GRANTING EX PARTE APPLICATION FOR LEAVE TO SERVE THIRD PARTY SUBPOENA (ECF No. 4.)** |
| v. | |
| John DOE, | |
| Defendant. | |

Plaintiff seeks leave to serve a third-party subpoena prior to a Rule 26(f) Conference to identify the true name and address of the defendant in this action. Because the Court finds good cause for doing so, plaintiff's ex parte application is granted.

In rare cases, the Court may issue an early subpoena when plaintiff demonstrates there is "good cause" to do so. *See Malibu Media, LLC v. Doe*, No. 16cv444 GPC (BGS), 2016 WL 1618227, at *2 (S.D. Cal. Apr. 22, 2016); *Malibu Media, LLC v. John Does 1 through 16*, No. 12-cv-1847-AJB (DHB), 2012 WL 3809128, at *2 (S.D. Cal. Sept. 4, 2012). In the Ninth Circuit, district courts consider the following factors when considering motions for early discovery:

> first, the court may require the plaintiff to sufficiently identify the unknown party so it is clear there exists a real person or entity; second, the court may ask the plaintiff to show it has made a good faith effort to identify and serve the defendant; third, the court may require the plaintiff to prove its claim could withstand a motion to dismiss; finally, the court may also ask the plaintiff to show that the requested discovery will lead to identifying information about the defendant that would make service of process possible.

*Malibu Media, LLC*, 2016 WL 1618227, at *2; *See also Malibu Media, LLC*, 2012 WL 3809128, at *2 (setting out the first three factors).

1

In affidavits attached to plaintiff's application, plaintiff has shown that defendant is real and can be sued and has—through the identification of the unique IP address, the dates and times of the alleged connections, and the name of the Internet Service Provider ("ISP")—identified defendant with the requisite specificity to justify an early subpoena. *Malibu Media, LLC*, 2016 WL 1618227, at *3. Plaintiff has identified the defendant's unique IP address and it has adequately established that it cannot identify the defendant further without the requested facts from the ISP. *Id*. Because of the Cable Privacy Act, the ISP cannot yield this information without a subpoena from this Court. *See* 47 U.S.C. § 551(c). Moreover, plaintiff alleges that it owns the copyrights at issue and specifically lists the registration numbers of the allegedly infringed works. Thus, the complaint, at least on its face, states a claim. Finally, plaintiff has shown that the requested discovery will lead to identifying information, as it has identified a unique IP address that an ISP can tie, at least potentially, to a specific individual. *See id*. at *4.

Accordingly, plaintiff has established good cause and may serve a subpoena upon the ISP seeking only the true name and address of the individual identified. Plaintiff may not seek any further information without leave of Court. Neither may plaintiff propound any other discovery or use the information gathered through the subpoena for any purpose except to identify and serve the proper defendant in the instant litigation. If the ISP seeks to quash the subpoena, it must do so before the subpoena's return date, which must be at least 45 days from service. In the event the subpoena is challenged, the ISP must preserve the data sought until that dispute is adjudicated. A copy of this order must be attached to and accompany the subpoena.

Dated: February 16, 2018

Hon. Andrew G. Schopler
United States Magistrate Judge